UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| QUAHSYM PARKER,<br><br>Plaintiff,<br><br>-against-<br><br>SERGEANT KEVIN FOX, CORRECTIONALOFFICER S. LEAR and CORRECTIONAL OFFICER ZAMOR,<br>Individually and as employees of the STATE OF NEW YORK<br><br>Defendants. | ) | **COMPLAINT**<br>**JURY TRIAL DEMANDED**<br>**CIVIL ACTION No. :**<br>23-CV-5174 |

Plaintiff, Quahsym Parker, by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury, as and for his Complaint in this action against the Defendants , Correctional Officers, Sergeant Kevin Fox, C.O. Lear, and C.O Zamor as follows:

**NATURE OF CLAIMS**

1. Plaintiff in the above captioned matter was a victim of excessive force. On April 8, 2023, Sergeant Kevin Fox, Correctional Officer Zamor, and Correctional Officer S. Lear, as employee of the Green Haven Correctional Facility, and within the scope of their employment, used excessive force against Plaintiff, thereby causing him serious injuries.

2. The officer defendants were employees of the Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York, and committed those acts within the scope of their employment.

3. Accordingly, this action is brought to remedy a violation of Plaintiff's Constitutional Rights actionable under 42 U.S.C. §1983 and under New York State Constitution.

## JURISDICTION AND VENUE

4. This action arises under the Fourth Amendment and Fourteenth Amendment of the United States Constitution actionable under 42 U.S.C. § 1983.
5. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).
6. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Quahsym Parker is currently incarcerated at Shawangunk Correctional Facility located at 200 Quick Rd, Wallkill, NY 12589, and was incarcerated at Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York at the time of the incident.

8. Defendant Sergeant Kevin Fox was a sergeant at Green Haven Correctional Facility at the time of the incident and upon information and belief, a citizen of New York. Sergeant Kevin Fox had an office at Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York 12582.

9. Defendant Zamor was a correctional officer at Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York 12582 at the time of the incident and upon information and belief, a citizen of New York. Officer Zamor had an office at Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York 12582.

10. Defendant S. Lear was a correctional officer at Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York 12582 at the time of the incident, and upon information and belief, a citizen of New York. Officer S. Lear had an office at Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York 12582.

## FACTUAL ALLEGATIONS

11. Plaintiff is currently incarcerated at Shawangunk Correctional Facility, and was incarcerated at Green Haven Correctional Facility, located at 594 NY-216, Stormville, New York at the time of the incident.
12. On April 8, 2023, around 8:00 am, Plaintiff had an altercation with Officer Brown, who was conducting an unauthorized search of his cell. Around 10:45 am, Plaintiff had another altercation with Officer S. Brown, as a result to which, it was decided to extract Plaintiff. The extraction team was composed of Officer Zamor, and Officer S. Lear, and Sergeant Kevin Fox. Plaintiff complied with the instructions of the officers, and was searched and handcuffed by the officers. Sergeant Kevin Fox, Officer Zamor and Officer Lear transported Plaintiff to the infirmary on foot for unknown reasons. Plaintiff was not injured at that time. Upon entry in the infirmary, Plaintiff walked past the emergency room, when he heard Sergeant Fox, ordered the officers to take Plaintiff to the breathing room instead. At that time, Officer Lear held Plaintiff's left arm and Officer Zamor held Plaintiff's right arm with Sergeant Fox following behind them. It was at that time that Officer Zamor while holding Plaintiff's right arm with his right hand, used his left hand to place it behind Plaintiff's head, and rammed it with full force into the wall of the breathing room, and then rubbed Plaintiff's face aggressively into the wall. The Breathing room has no camera. The incident took about fifteen minutes, with Officer Lear and Sergeant Fox standing there, and watching, while they

had plenty of time to intervene. After the incident, Plaintiff was taken to the emergency room, and was diagnosed with a two inch laceration in the hair line, scalp area, a deep abrasion to his upper lip, abrasion to the lower lip, and a knot on the left side of the left temple. Plaintiff was bleeding profusely, which caused the doctors to be referred to outside medical treatment for stitches. Plaintiff was brought to Putnam County Hospital where he received five staples in order to close the laceration. Plaintiff filed several grievances.

**<u>FOR THE FIRST CAUSE OF ACTION BASED ON EXCESSIVE USED OF FORCE</u>**

Excessive Use of Force
42 U.S.C. § 1983
(Against Police Officer Zamor)

13. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-12 of this Complaint with the same force and effect as if fully set forth herein.

14. That Officer Zamor used force on Plaintiff.

15. That Plaintiff was already handcuffed, was not armed, and did not pose a threat to the Officer Defendants nor did Plaintiff pose a threat to the public or to himself.

16. That the Officer Zamor used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

17. That Plaintiff had not resisted to the Officers and complied with all instructions given to him by officers.

18. That Officer Zamor used force against Plaintiff thereby causing severe physical injuries to Plaintiff.

19. That the officers did not have to use force on Plaintiff.

20. That Officer Zamor used his hand to hurt Plaintiff several times.

21. That the officers assaulted and battered Plaintiff and used unnecessary and excessive force against Plaintiff.

22. That Plaintiff filed several grievances.

23. That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

24. By Using unnecessary and excessive force on Plaintiff, the Officer Zamor deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

**WHEREFORE**, the Plaintiffs seek judgment against Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

**FOR THE FOURTH CAUSE OF ACTION BASED ON FAILURE TO INTERVENE**

42 U.S.C. § 1983
(Against Sergeant Kevin Fox and Correctional Officer Lear)

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 13-24 of this Complaint with the same force and effect as if fully set forth herein.

26. That Plaintiff was assaulted by Officer Zamor for at least fifteen minutes.

27. That Sergeant Fox and Officer Lear observed Officer Zamor assault Plaintiff while he was handcuffed.

28. That Sergeant Fox and Officer Lear encouraged Officer Zamor unlawful act, and did not try to stop Officer Zamor.

29. That Plaintiff's assault by Officer Zamor took long enough for Sergeant Fox and Officer Lear to intervene.

30. That Sergeant Fox and Officer Lear failed to intervene and to prevent Plaintiff from being assaulted by Officer Zamor.

31. That Sergeant Fox and Officer Lear observed quietly Officer Zamor assaulting Plaintiff.

32. That the acts and omissions of the officers violated the Plaintiff's rights under the due process clause of the Fourteenth Amendment, enforceable through 42 U.S.C 1983.

**WHEREFORE**, the Plaintiffs seek judgment against Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

a) Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, family and social disruption and other grievous harm, in an amount to be determined at trial;

b) Awarding compensatory damages for all economic loss in an amount to be determined at trial;

c) Awarding punitive damages in an amount to be determined at trial; and

d) Granting pre-and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems necessary and proper.

**JURY TRIAL DEMAND**

A jury trial is hereby demanded on all issues.

Dated: At Wappingers Falls, New York
May 26, 2023

By: /s/ ryannekonan

Ryanne Konan, Esq.
4 Marshall Road, Suite 248
Wappingers Falls, NY 12590
Tel: (845) 309-3432
Fax: (845) 231-0508
konanlawoffice@gmail.com