```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
QUAHSYM PARKER,

                           Plaintiff,

       - against -                                               23 CV 5174 (AEK)

SERGEANT KEVIN FOX, CORRECTIONAL                                 STIPULATION OF SETTLEMENT,
OFFICER S. LEAR and CORRECTIONAL                                 GENERAL RELEASE, AND
OFFICER ZAMOR, individually and as employees                     ORDER OF DISMISSAL
of the State of New York,

                           Defendants.
------------------------------------------------------------- X
```

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiff Quahsym Parker ("Plaintiff") and Defendants Sgt. Kevin Fox ("Fox"), Correctional Officer ("C.O.") Stephen Lear ("Lear"), and C.O. Ricardo Zamor (collectively with Fox and Lear, "Defendants"; Plaintiff and Defendant, collectively, "the Parties") as of November 25, 2024:

WHEREAS, Plaintiff commenced the above-captioned action by filing a Complaint on or about June 20, 2023 (ECF No. 1), alleging claims against Defendants pursuant to 42 U.S.C. § 1983; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

1

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1. **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2. **Payment to Plaintiff and Plaintiff's Attorney.** For and in consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 6 and 8 herein, the State of New York, on behalf of Defendants, shall pay the total sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

   a. The State of New York, on behalf of Defendants, shall pay the gross sum of Twenty Thousand Nine Hundred and Ninety Three Dollars and Forty Cents ($20,993.4) in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages). The foregoing payment shall be drawn to the order of Quahsym Parker and forwarded to Plaintiff at the correctional facility in which he is then housed for deposit in his inmate facility/departmental account.

   b. The State of New York, on behalf of Defendants, shall pay the gross sum of

2

Fourteen Thousand Six Dollars and Sixtyty Cents ($ 14,006.60) in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff or Plaintiff's attorneys for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to "RYANNE KONAN LAW OFFICE & LEGAL SERVICES" and mailed to RYANNE KONAN LAW OFFICE & LEGAL SERVICES, 4 MARSHALL RD, SUITE 248, WAPPINGERS FALLS, NY 12590.

3. **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorney agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but not limited to, Plaintiff's Affirmation of Medicare Eligibility Status as set forth in Paragraph 7 of this Settlement Agreement.

4. **Accrual of Interest.** In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3, 7, and 8 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the OAG of all documentation required under Paragraphs 7 and 8 of this Settlement

3

Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff, and the payment to Plaintiff of any amount(s) specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

    5.    **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorney, and that Plaintiff and Plaintiff's attorney shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

    6.    **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and

Plaintiff's attorney, and that Plaintiff and Plaintiff's attorney shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7.  **Medicare Certification.** Plaintiff represents and warrants that he is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on his behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the OAG. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 3, 4, and 8 of this Settlement Agreement.

8.  **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to

5

defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount specified in Paragraph 2(a) of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3, 7, and 8, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9. **General Release.** For and in consideration of the payment of the settlement amount(s) referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendants and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered

6

or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. This General Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or a local commission on human rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

Plaintiff is not waiving or releasing any non-waivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

10. **No Other Action or Proceeding.** Other than the Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for

Defendants to enter into this Settlement Agreement.

11. **Waiver of Attorneys' Liens.** The undersigned attorney for Plaintiff does hereby release and waive any attorneys' lien he may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12. **No Other Attorneys.** Plaintiff represents and warrants that, besides the undersigned attorney for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. **No Prevailing Party.** Neither Plaintiff nor any Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys,

insurers, and assigns, whether in an individual or official capacity).

15. **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

16. **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17. **Voluntary Agreement.** Plaintiff represents that he has carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that he has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

18. **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this

Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

20. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

22. **Severability.** With the exception of Paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11 and 12 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24. **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute

one and the same instrument.

25.   **Submission to the Court.**  This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: November 19th, 2024

_Quahsym Parker_
Quahsym Parker

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF SENECA     )

On the 19 day of November, 2024, before me personally came and appeared Quahsym Parker, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ROY D BABCOCK
Notary Public, State of New York
Reg. No. 01BA6403665
Qualified in Seneca County
Commission Expires 02/03/2028

Dated: November 19th, 2024
       Wappingers Falls, New York

Ryanne Konan Law Office and Legal Services
*Attorneys for Plaintiff*

By: _____
Ryanne Konan, Esq.
4 Marshall Road, Suite 248
Wappingers Falls, NY 12590
(845) 309-3432
konanlawoffice@gmail.com

"ALL RIGHTS RESERVED"

11

Dated: November 25, 2024
      New York, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: _____
Daniel S. Kirschbaum
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8244
Daniel.Kirschbaum@ag.ny.gov

Dated: November 25, 2024
      White Plains, New York

SO ORDERED:

_____
Honorable Andrew E. Krause
United States Magistrate Judge

12